CASE 19—PETITION EQUITY MARCH 6, 1895.

# Humber's Trustee v. Central Kentucky Lunatic Asylum.

### APPEAL FROM GARRARD CIRCUIT COURT.

1. LUNATIC ASYLUM—BOARD OF COMMISSIONERS—SPECIAL ACT PUT-
TING ONE ON PAUPER LIST.—A special act of the Legislature placing
one confined in an asylum on the pauper list, and thereby exempt-
ing him and his estate from paying anything to the State for his
board, lodging and medical attention, is invalid, as is also an order
to that effect by the Board of Commissioners of the Asylum, be-
cause of a statute, general in its application, that no one can be
deemed or treated as such pauper unless it has been found by the
verdict of a jury that he has not sufficient estate for his support.

W. O. BRADLEY FOR APPELLANT.

1. An individual or corporation can not make another a creditor with-
out his request. (Searcy's H'rs v. Rearden, 3 Bibb, 529; Gordon,
&c., v. Towsey, 3 Litt., 426.)

2. A corporation is held to a careful adherence to truth in its dealings
with mankind and can not by its representations or silence involve
others in onerous engagements and then defeat the claims which
its own conduct has superinduced. (Herman's Estop'l, sec. 1169;
Zabreskile v. Cleveland, Col. & Cin. R. R., 23 Howard. 381 to 401
U. S. S. C. R.

3. Contracts with charitable institutions may be avoided as other con-
tracts, for false suggestions or suppressions of truth. (I. B. Mon.,
222.)

4. The defense of *ultra vires* exists only when the corporation is pro-
hibited by law from entering into the contract upon which the
action is brought. (Herman's Estop'l, sec. 1176.)

5. The doctrine of *ultra vires*, when invoked for or against a corpora-
tion, should not be allowed to prevail where it would defeat the

ends of justice if such results can be avoided. (Herman's Estop'l, sec. 1178.)

6. *Ultra vires* has no application in favor of corporations for wrongs committed by them. (Herman's Estop'l, sec. 1179; First Nat'l Bank of Carlisle v. Graham, 10 Ott U. S. S. C., 699 to 704.)

7. The test whether a legal demand connected with an illegal transaction can be enforced at law is whether the plaintiff requires the aid of the illegal transaction to establish his case. (Wright v. Pipe Line Co., 47 Am. Rep., 702.)

8. The interest should have been computed from the end of each year instead of from the end of each six months as in the judgment.

9. Allegations in the prayer of a petition should not be considered.

R. P. JACOBS AND W. J. LANDRUM FOR APPELLEE.

1. A corporation has no powers whatever except those given by its charter or the law under which it is incorporated, either directly or as incidental to its existence, and can make no contracts beyond the purpose and scope of its charter.

   Where those powers are exceeded its charter may be taken from it, or a court of equity will restrain the carrying out of the contract; but a court of law will not sustain an action upon it. (Amer. & Eng. Enc. of Law, vol. 4, pp. 190, 207-8.)

2. A general devise or charge by will for the payment of debts out of real estate will prevent the statute of limitations from running against such debts as are not barred at the time when the will comes into operation. (Sec. 20, art. 4, chap. 71, Gen. Stats.; 11 B. M., 161; 17 B. M., 446; 7 Bush, 98; Hill on Trustees, 516.)

3. The letter of the trustee, Hubble, dated 2d October, 1885, was in effect an acknowledgment of the indebtedness and an implied promise to pay, made within twelve years prior to the filing of this suit, and prevents the running of the statute. (Clay's Adm'r v. Clay, 7 Bush, 98.)

W. O. BRADLEY IN PETITION FOR EXTENSION OF OPINION.

1. The court below should be required to keep the case on the docket and order the trustee to rent out the land as now divided, from time to time, to pay for the board of the lunatic and costs that have accumulated or may accumulate.

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

Central Kentucky Lunatic Asylum, created by stat-

ute a corporation, with power to sue and other powers usually given, brought this action to recover judgment for and subject real estate to pay amount of board, lodging and medical attention for eight years, at rate of $200 per year, furnished by plaintiff to James C. Humber, adjudged April 21, 1884, by proper authority, a lunatic, and to be taken to a lunatic asylum, L. F. Hubble, trustee, and wife and children of the lunatic being made defendants.

To the petition answer was filed, in which it was in substance stated that in 1885 L. C. Hubble, trustee, applied to the General Assembly to pass a special statute placing James C. Humber on the pauper list, and thereby exempt him and his estate from paying anything to the State for lodging, board and medical attention at the asylum; but he ceased to press the application upon suggestion of H. K. Pusey, superintendent of the asylum, that he instead apply to the board of commissioners to place said lunatic upon the pauper list; and that he was afterward informed by Pusey the board had done so.

To that answer a general demurrer was sustained, followed by judgment for amount of the demand sued for that had accrued within five years next before institution of the action, plea of limitation to the residue being sustained; and to satisfy the debt it was adjudged that a tract of 176 acres of land belonging to the lunatic, after taking out of it $1,000, value of homestead for wife and children, be annually leased and rent arising be applied

We agree with the court below that the answer con-

tained no statement amounting to a defense to the action, except as to that part of the demand accrued more than five years before the action was brought. If Hubble, the trustee, had succeeded in procuring passage of the special act putting Humber, the lunatic, on the pauper list, it would have been manifestly invalid, as was the order to the same effect which he states in his answer Pusey informed him the board of commissioners had made; for, according to a statute general in application then existing, no person was deemed or could be treated as a pauper, idiot or lunatic who had not been found by verdict of a jury to be an idiot or lunatic, and that he had no estate sufficient for his support.

So far from James C. Humber being, when found a lunatic or at any time since, without sufficient estate for his support, the jury of inquest found he had property of near $10,000 in value, and he now has a life estate in a valuable tract of land, containing 176 acres, remainder interest belonging to his children. So that even if it be true Hubble, trustee, was induced to cease application for passage of the act mentioned by suggestion of Pusey to apply to the board of commissioners to have the lunatic illegally put on the pauper list, no available defense to this action is thereby constituted. Moreover, it was alleged in plaintiff's petition, and not denied, that the lunatic was taken into the asylum with consent and request of the trustee.

Judgment affirmed.

The following extension of opinion was delivered by the court April 10, 1895:

We think the lower court has power and should keep this case on the docket so as to require the trustee to properly collect the rents of the land and apply them to pay installments due the Central Kentucky Lunatic Asylum for board and lodging of the lunatic, thereby saving costs and expenses of further litigation on the subject.

---

\*CASE 20—PETITIONS—DECEMBER 16, 1893.